George M. Kraw (California Bar No. 71551)
Katherine McDonough (California Bar No. 241426)
Lisa Schwantz (California Bar No. 206777)
Kraw Law Group, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899
gkraw@kraw.com
kmcdonough@kraw.com
lschwantz@kraw.com

Attorneys for Plaintiffs:
*Board of Trustees, U.A. Local No. 343 Pension Trust Fund, Board of Trustees, U.A. Local Nos. 343 and 355 Defined Contribution Plan, Board of Trustees, Plumbers and Steamfitters Managed Health Care Plan, Board of Trustees, U.A. Local No. 343 Journeyman and Apprentice Training Trust Fund, Board of Trustees, U.A. Local No. 343 Labor Management Cooperation Committee Trust Fund, and U.A. Local No. 343*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES, U.A. LOCAL NO. 343 PENSION TRUST FUND, BOARD OF TRUSTEES, U.A. LOCAL NOS. 343 AND 355 DEFINED CONTRIBUTION PLAN, BOARD OF TRUSTEES, PLUMBERS AND STEAMFITTERS MANAGED HEALTH CARE PLAN, BOARD OF TRUSTEES, U.A. LOCAL NO. 343 JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND, BOARD OF TRUSTEES, U.A. LOCAL NO. 343 LABOR MANAGEMENT COOPERATION COMMITTEE TRUST FUND,<br><br>And,<br><br>U.A. LOCAL NO. 343,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NORTH BAY PLUMBING, INC.,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT** |

COMPLAINT – 1
CASE NO.:

1. This action has been brought in an effort to collect unpaid contributions owed to the Plaintiffs. This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. § 1001, *et seq.*, under sections 1132 and 1145. This action also arises under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction of this action under the terms of Section 502(a), (e) and (g) of ERISA, 29 U.S.C. §1132(a), (e) and (g), 29 U.S.C. §185 and 28 U.S.C. § 1331.

3. This Court has venue over this action pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e), in that this is the district where the Plaintiffs U.A. Local No. 343 Pension Trust Fund, U.A. Local Nos. 343 and 355 Defined Contribution Plan, Plumbers and Steamfitters Managed Health Care Plan, U.A. Local No. 343 Journeyman and Apprentice Training Trust Fund, and U.A. Local No. 343 Labor Management Cooperation Committee Trust Fund (hereinafter referred to as "Benefit Funds"), and the U.A. Local No. 343 are administered and/or where the breaches described herein took place.

**INTRADISTRICT ASSIGNMENT**

4. In accordance with Civil L.R. 120(d), assignment to the Sacramento Division of the United States District Court for the Eastern District of California is appropriate because the Benefit Funds are administered in Solano County, California.

**PARTIES**

5. With the exception of U.A. Local No. 343 Labor Management Cooperation Committee Trust Fund, the Benefit Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), and 3(3) of ERISA, 29 U.S.C. §1002 (1), (2), and (3), and are maintained for the purpose of providing retirement, health and welfare, and related benefits to eligible participants. The Benefit Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between employers and various Local Unions, and therefore, are multiemployer plans under Section 3(37) of ERISA, 29 U.S.C. §1002(37), and 29 U.S.C. § 1301(a)(3).

6. Plaintiff, Board of Trustees of the U.A. Local No. 343 Labor Management Cooperation Committee Trust Fund, is a joint labor-management trust fund organized pursuant to the provision of 302(c)(9) and Section 6(b) of the Labor Management Cooperation Act of 1978 [29 U.S.C. § 175a].

7. The Board of Trustees of the Benefit Funds are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

8. The Benefit Funds and Board of Trustees maintain their principal place of business at 401 Nebraska Street, Vallejo, California.

9. U.A. Local No. 343 (the "Union") is a labor organization as the term is defined by the National Labor Relations Act, 29 U.S.C. § 152(5), and is the bargaining representative of employees in the plumbing, pipe-fitting, or refrigeration fitting industries within Napa and Solano Counties under the NLRA, 29 U.S.C. § 159(a).

10. The Benefit Funds bring this action on behalf of themselves and on behalf of participants and beneficiaries in the Benefit Funds to recover benefits due, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132. Likewise, the Union brings this action on behalf of its members to recover benefits due, pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

11. Defendant North Bay Plumbing, Inc. (hereinafter referred to as "Defendant") is, upon information and belief, a corporation existing under the laws of the State of California. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 2(2) of the LMRA, 29 U.S.C. §152(5).

12. Defendants' principal place of business is 1651 Cement Hill Road, Fairfield, California.

13. Defendant is a signatory employer to the Master Labor Agreement ("MLA") which provides for payment of contributions to the Benefit Funds. The MLA binds Defendant to the provisions of the MLA and the respective Trust Agreements for the Pension and Health ("Trust Agreements") that created the Benefit Funds.

///

14. Under the MLA, and Trust Agreements incorporated therein, Defendant is required to regularly pay to ERISA Plaintiffs, the Benefit Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the twentieth (20th) day of the month following the month during which hours were worked, and are considered delinquent if not received or postmarked by the twentieth (20th) day of that month. Defendant is also required, pursuant to the MLA and Trust Agreements, to pay ten percent 10% of the amount of the particular contributions due, as liquidated damages and not as a penalty, which sum is increased to twenty percent (20%) in the event the Employer does not pay the delinquent contributions owing before a lawsuit is filed for each delinquent contribution payment at the rates set by the MLA and Trust Agreements. Moreover, the Trust Agreements provide that interest accrues on delinquent contributions at the rate of 12% per annum from the date they become delinquent until paid in full. Finally, the MLA and Trust Agreements require Defendant to reimburse Plaintiffs for attorneys' fees and costs incurred in relation to the collection of Defendant's delinquent contributions.

15. The Bargaining and Trust Agreements further require Defendant to maintain time records or time cards and to permit an authorized Trust Fund representative to examine such records of Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

**FACTUAL ALLEGATIONS**

16. Defendant entered into the MLA with the Benefit Funds. The MLA established the terms and conditions of employment for plumbing and pipe-fitting workers employed by the Defendant.

17. Defendant is required to make contributions to the Benefit Funds for each hour worked by its bargaining unit employees at the rate and in the manner specified in the MLA and

Trust Agreements. In addition, Defendant is required to make contributions to the Plaintiffs Benefit Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

18. The Benefit Funds perform regular compliance audits of employers to verify employers' compliance with the MLA and Trust Agreements. Employers have an obligation under the MLA to fully cooperate with such compliance audits.

19. Pursuant to the MLA, if a compliance audit discloses payment obligations for which no fringe benefits were received by the Benefit Funds, the employer is required to make immediate payment upon being advised of the amount due.

20. A compliance audit performed on Defendant for the period of September 1, 2012 through October 31, 2017 (the "Audit") revealed that Defendant's workers performed work covered by the MLA in excess of what was reported to the Benefit Funds, resulting in a shortage of contributions owed to the Benefit Funds.

21. Defendants disputed the findings of the Audit in a letter dated February 8, 2018 without presenting any evidence in support. The Trustees, after considering Defendants dispute, upheld the Audit's findings.

22. The Benefit Funds, through counsel, notified Defendant in a letter dated April 30, 2018 that the Trustees had upheld their determination regarding the Audit shortage, and that Defendant was liable for the delinquent contributions, liquidated damages and interest..

23. To date, Defendant has failed to submit payment for its contribution shortage identified in the Audit. Pursuant to the terms of the MLA and Trust Agreements, Defendant is obligated to pay contributions to the Benefit Funds.

24. Under the terms of the Trust Agreements, an employer who fails to make timely contributions to the Benefit Funds for employee fringe benefits is liable to the Benefit Funds for all unpaid contributions, plus liquidated damages on the unpaid principal, interest, and attorney's fees and collection costs. See also, 29 U.S.C. §1132(g).

25. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are further entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

**STATEMENT OF CLAIM**
**Failure to Make Contractually Required Contributions**
**to Multi-Employer Plan**
**(29 U.S.C. §§ 1145 and 185)**

26. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 25 as fully set forth herein.

27. This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the MLA and the Trust Agreements.

28. Defendant's failure to pay contributions constitute a failure of an employer to make contractually required contributions to a multi-employer plan, as well as a breach of fiduciary duty owed, pursuant to Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

29. Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages, prejudgment interest and reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(2).

**PRAYER**

WHEREFORE, Plaintiffs respectfully request this Court:

A. Enter a judgment declaring that Defendant has a contractual obligation to make payments to the Benefit Funds (a) requiring contributions to fund benefits; (b) requiring liquidated damages and interest payments; and (c) requiring the payment of reasonable attorneys' fee, costs of litigation and audit fees pursuant to the Master Labor Agreement, the Trust Agreements and ERISA.

B. Other such legal and equitable relief as the Court may deem just and equitable.

DATED: November 15, 2018                KRAW LAW GROUP, APC

By: /s/ Lisa Schwantz
LISA SCHWANTZ
lschwantz@kraw.com
*Counsel for Plaintiffs*